UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO. 6:09-CV-00165-GFVT
*ELECTRONICALLY FILED*

ROBERT MAY, as administrator of the Estate of
THOMAS MAY, deceased

AND

CHRISTOPHER HALL, as administrator of the Estate of
BRADLEY HALL

AND

MATTHEW BENJAMIN COOLEY                                PLAINTIFFS

v.    **MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIM FOR DAMAGES FOR
CONSCIOUS PAIN AND SUFFERING**

FORD MOTOR COMPANY                                     DEFENDANT

\* \*\* \*\* \*\* \*\* \*\* \*\* \*

Defendant, Ford Motor Company ("Ford"), pursuant to Federal Rule of Civil Procedure 56(b), hereby moves for partial summary judgment on Plaintiff's claim for damages for physical pain and suffering sustained by Bradley Hall prior to his death. In support of this motion, Ford states as follows:

**STATEMENT OF FACTS**

This action arises out of a motor vehicle accident that occurred on November 9, 2008 in Rockcastle County, Kentucky. Plaintiff, Christopher Hall's, decedent, Bradley Hall, was a passenger in a 2001 Ford Taurus being driven by Thomas May. The accident resulted in the deaths of Thomas May and Bradley Hall.

Plaintiffs filed this action on May 11, 2009 and asserted strict liability, negligence and breach of warranty claims against Ford. Count V of the Complaint asserts that Christopher Hall, as Administrator of the Estate of Bradley Hall, has sustained damages for physical pain and suffering experienced by Bradley Hall before his death.

The testimony of several eyewitnesses to the accident indicates that Mr. Hall became unconscious immediately following the collision. Another passenger in the vehicle, Ben Cooley, testified in a deposition regarding his observations of Mr. Hall upon Mr. Cooley awakening from a temporary loss of consciousness. He indicated that, following the impact, "Brad…was silent, like no words out of his mouth," adding that "Brad...was "literally laying on [Mr. Cooley's] legs." *Deposition of Ben Cooley*, at pp. 33-35. When asked by counsel if Mr. Hall said anything, Mr. Cooley responded, "No." *Id.* at p. 35, lines 8-9.

The driver of a vehicle that was traveling in close proximity to the Ford Taurus when the accident occurred was Charles Hogg, who testified that he "had clear view of everything that happened" and pulled over and got out of his vehicle immediately afterwards. *Deposition of Charles T. Hogg, Jr.,* at p. 21, lines 11-12. Mr. Hogg indicated that he was the "first one there" besides the occupants of the Taurus. *Id.* at p. 24, line 9. In reference to the "front side passenger" of the Taurus, Mr. Hogg asserted that he was "unconscious" and when asked if he ever saw the passenger regain consciousness, he responded, "[t]he passenger never did." *Id.* at lines 20-23. Mr. Hogg further testified that he thought that the time that had elapsed between the collision and when he came upon the vehicle was "[l]ess than a minute" or "30 seconds maybe." *Id.* at p. 24, lines 24-25 and p. 25, lines 1-5.

# ARGUMENT

### A. The standard applicable to summary judgment.

Fed. R. Civ. P. 56(c) provides that judgment shall be rendered in favor of the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988); *See also Gutierrez v. Lynch*, 826 F.2d *1534,* 1536 (6th Cir. 1987). Further, a dispute over a material fact is not genuine unless a reasonable jury could return a verdict for the nonmoving party. The issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v, Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Plaintiffs have failed to establish any evidence to warrant an award of damages against Ford for pain and suffering experienced by Bradley Hall as a result of the accident and before his death, and, thus, summary judgment is appropriate.

### B. Plaintiffs have failed to present evidence suggesting that Bradley Hall experienced any conscious pain and suffering prior to his death.

Plaintiffs have not established that there is a genius issue of material fact with respect to pain and suffering experienced by Bradley Hall as a result of the accident and prior to his death. In order to prevail on a claim for damages that is essentially for conscious pain and suffering, the Plaintiff must produce evidence affirmatively proving that the decedent, Mr. Hall, consciously experienced pain and suffering. On the contrary,

all available evidence makes it apparent that he was unconscious immediately following the accident and thus did not suffer. Without evidence that Mr. Hall was conscious after the accident, and thus able to experience pain and suffering, Plaintiff's claim for pain and suffering damages fails and must be dismissed as a matter of law.

Kentucky law makes clear that "damages for pain and suffering are not allowed to an unconscious person." *Vitale v. Henchey*, 24 S.W.3d 651, 659 (Ky. 2000). *See also Alliant Hospitals, Inc. v. Benham*, 105 S.W.3d 473, 477 (Ky.App. 2003). In an action for battery arising out of a surgery allegedly performed without the patient's consent, the court asserted that "pain and suffering would not be a proper element of damages if [the patient] was unconscious from the time of the surgeries until her death." *Id.* Similarly, the Plaintiff in the case at bar, Christopher Hall, cannot prevail on a claim for pain and suffering damages on Bradley Hall's behalf in light of the uncontested evidence establishing that Mr. Hall was unconscious from the time of the accident until his death.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986), clearly establishes that the party opposing a motion for summary judgment "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Indeed, the nonmoving party "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The Plaintiffs in this matter have failed to present any affirmative evidence in support of the contention that Bradley Hall was conscious and experienced pain and suffering between the time of the accident and his death. Therefore, the Defendant's Motion for Summary Judgment must be granted on these grounds.

## **CONCLUSION**

Plaintiffs have failed to put forth any evidence in support of their claim for damages as a result of pain and suffering experienced by Bradley Hall prior to his death. Accordingly, the claim for pain and suffering damages must be dismissed with prejudice.

    Respectfully submitted,

    /S/ Kevin M. Murphy
    Byron N. Miller
    Kevin M. Murphy
    THOMPSON MILLER & SIMPSON PLC
    734 West Main Street, Suite 400
    Louisville, KY 40202
    502-585-9900
    kmurphy@tmslawplc.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of June, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin C. Schiferl
FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com