IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, | ) Cause No. 6:09-165 ) ) ) ) |
| Plaintiff, | ) |
| v. | ) |
| FORD MOTOR COMPANY, | ) |
| Defendant. | ) |

### FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO POST-SALE CHANGES TO THE DESIGN OF FORD TAURUS AUTOMOBILES

Defendant Ford Motor Company ("Ford") anticipates that the Plaintiffs will support their claims with evidence of post-sale design changes to the Ford Taurus model. Design changes occurring after the sale of the automobile involved in this case are irrelevant and therefore inadmissible pursuant to Fed. R. Evid. 402. Alternatively, such evidence should be excluded under Fed. R. Evid. 403 because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Moreover, evidence of design changes occurring after the Plaintiffs' *accident* should be excluded for the additional reason that it is inadmissible pursuant to Fed. R. Evid. 407.

I. **Post-sale design changes to the Ford Taurus Model are inadmissible because they are irrelevant, or, in the alternative, because their probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury .**

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence." Fed. R. Evid. 401. In this case, two factual issues are of consequence: (1) whether the Plaintiffs' automobile was defective such that it was unreasonably dangerous at the time it was sold, *Nichols v. Union Underwear Co.*, 602 S.W.2d 429, 432-33 (Ky. 1980); and (2) if so, whether that defect caused the Plaintiffs' accident. The fact that Ford may have changed the design of the Ford Taurus model after the sale of the Plaintiffs' automobile has no bearing on either of those questions.

The Plaintiffs will likely argue that design changes are evidence that Ford identified defects in the Ford Taurus model, but this is unavailing for a number of reasons. First, design changes can be made for any number of reasons that have nothing to do with defects. And even if a design change were made in response to a defect, that does not necessarily mean that the particular defect addressed by the design change has any connection to this case. For example, design changes to defective door locks would have nothing to do with the ultimate issues here. Moreover, and perhaps most importantly, post-sale design changes have no bearing on the question of whether the Plaintiffs' automobile was unreasonably dangerous at the time it was sold. Post-sale design changes indicate nothing more than that Ford found a better way to design the Taurus model. This says absolutely nothing about whether the Plaintiffs' automobile was unreasonably dangerous at the time it was sold. *See Grenada Steel Indus., Inc. v. Ala. Oxygen Co.*, 695 F.2d 883, 889 (5th Cir. 1983) (holding that evidence of post-sale design changes was not relevant to whether the product was reasonably safe at the time it was made). In short, the relevant time period is when the automobile was sold, and anything that happened after that point has no bearing on the question of whether the automobile was unreasonably dangerous at that point. As a result, post-sale design changes are irrelevant, and therefore inadmissible. Fed. R. Evid. 402.

But even if the Court were to rule that evidence of post-sale changes is somehow relevant, that evidence should still be excluded pursuant to Fed. R. Evid. 403. Subsequent remedial measures are, at best, marginally probative of prior negligence. *See Keller v. United States*, 38 F.3d 16, 31 (1st Cir. 1994). Here, this minimal probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. If the jury is allowed to hear evidence of post-sale design changes, it would likely conclude that the design changes must have been made to correct defects, which would therefore lead it to conclude that the Plaintiffs' accident must have been caused by such a defect. This would obviously be very prejudicial to Ford. Additionally, evidence of post-sale design changes would "confuse the jury by diverting its attention away from whether the product was defective at the relevant time [i.e., the time of sale] to what was done later." *Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705, 736 (quoting *Grenada Steel Indus., Inc.*, 695 F.2d at 889). Taken together, all of these considerations easily, and substantially, outweigh whatever minimal probative value the evidence of post-sale design changes might have. Therefore, this evidence should be excluded under Fed. R. Evid. 403.

 II.  **Post-accident design changes to the Ford Taurus Model are inadmissible pursuant to Fed. R. Evid. 407.**

It is black letter law that post-accident design changes are "not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed. R. Evid. 407. Therefore, all post-accident design changes should be ruled inadmissible for those purposes.

3

## **CONCLUSION**

For the foregoing reasons, Ford respectfully requests that evidence of post-sale design changes to the Ford Taurus model be ruled inadmissible.

                FROST BROWN TODD LLC

                By: */s/ Kevin C. Schiferl*
                    Kevin C. Schiferl
                    Attorneys for Defendant FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin M. Murphy
734 W. Main Street, Suite 400
Louisville, KY 40202

*/s/ Kevin C. Schiferl*
Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

LOULibrary LR07400.0572449   972200v1