IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, ) ) ) ) ) ) | Cause No. 6:09-165 |
| Plaintiff, ) ) | |
| v. ) ) | |
| FORD MOTOR COMPANY, ) ) | |
| Defendant. | |

**FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISSIMILAR ACCIDENTS**

Defendant Ford Motor Company ("Ford") anticipates that the Plaintiffs will attempt to support their claims by offering evidence of other accidents or reported incidents involving Ford automobiles. Indeed, their witness list includes several persons – previously undisclosed throughout discovery by the way – they reference as having been involved in other accidents and their exhibit list includes several documents referencing hearsay reports of other purported incidents. This evidence should be excluded for two primary reasons. First, evidence of other accidents is irrelevant and therefore inadmissible. Second, even if the evidence has some slight relevance, it should still be excluded pursuant to Fed. R. Evid. 403 because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time.

Beyond these primary reasons for exclusion, there are the additional reasons that the evidence upon which Plaintiffs intend to rely to attempt to demonstrate this potential similarity of other accidents and/or incidents constitutes inadmissible hearsay and, in many instances,

multiple hearsay. As well, for the Plaintiffs, their counsel and/or their experts to refer to such other accidents and/or reported incidents will result in the finder-of-fact drawing impermissible inferences and/or pyramiding one inference upon another in direct contravention of Kentucky law and the Federal Rules of Evidence.

    I.    **Evidence of other accidents is irrelevant and therefore inadmissible.**

It is axiomatic that, a trial court serves a critical "gatekeeper" function in making evidentiary rulings, including determinations *in limine*. *See, e.g., Berardi v. Village of Sauget*, 05-CV-0898-MJR, 2007 WL 433542 (S.D. Ill. 2007)("[p]roperly filed motions *in limine* permit expeditious and evenhanded management of trial proceedings, permitting the court to serve as a gatekeeper by eliminating from consideration by the jury evidentiary submissions that ought not be presented to the jury because they clearly would be inadmissible for any purpose"). *See also Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)(court's gatekeeper role may be satisfied when asked to rule on, among other things, a motion *in limine*). This is particularly true in product liability cases, where the improper use of other accident/incident evidence may be extremely prejudicial to a defendant. *See, e.g., Watson v. Ford Motor Co.*, 26786, 2010 WL 3543725, *8,*9 (S.C. Sept. 13, 2010)(trial court abused its discretion as a "gatekeeper" in failing to exclude evidence of prior incidents in which owners of Ford Explorers allegedly experienced sudden acceleration after they engaged the vehicles' cruise control, which were dissimilar in terms of the model years of the vehicles' manufacture and as to causation, and, in doing so, caused such extreme prejudice to Ford that the South Carolina Supreme Court felt compelled to reverse the jury verdict against Ford and enter judgment in its favor). *See also Huckaby v. A.G. Perry & Son, Inc.*, 20 S.W.3d 194, 201-03 (Tex. App. Ct. 1999)(trial court failed to discharge its obligations as a gatekeeper, by refusing to exclude

testimony and exhibits relating to 10 to 20 prior accidents at a highway crossover, where the proffered evidence, including the testimony of a Texas State Trooper, was insufficient to enable the Court to determine whether the prior incidents were "substantially similar" to the unique accident at issue and, in the process, prejudiced the party opposing its admission).

The Sixth Circuit has clearly held that evidence of other accidents is irrelevant, and therefore inadmissible, unless the other accidents are "'substantially similar' to the one at issue." *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 518 (6th Cir. 2008) (citing *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983)); *see also* Fed. R. Evid. 401; Fed. R. Evid. 402. The Plaintiffs have the burden of showing the substantial similarity between prior accidents and their own. *Croskey*, 532 F.3d at 518 (citing *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1109 (8th Cir. 1988)). Thus, Ford respectfully requests that before the Plaintiffs introduce any evidence or make any reference to other accidents, they first be required to demonstrate to the Court—outside the presence of the jury—that the other accidents or reported incidents are substantially similar to their accident. Unless and until the Plaintiffs make such a demonstration, all evidence of other accidents should be ruled inadmissible. *See Croskey*, 532 F.3d at 518.

**II.  Even if the evidence has some slight relevance, it should still be excluded pursuant to Fed. R. Evid. 403.**

Assuming for the sake of argument that the Plaintiffs will be able to establish the relevance of any other accidents, that evidence should still be excluded pursuant to Fed. R. Evid. 403 because its probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. In this case, the probative value of other accidents would be minimal at best since that evidence would have little, if any, bearing on the questions of whether the Plaintiffs' automobile had any defects and whether those particular

3

defects actually caused the Plaintiffs' accident. And given that "the natural tendency of jurors is to believe that similar incidents have similar causes," introduction of this evidence would undoubtedly raise a risk of unfair prejudice to Ford. *Burke v. U-Haul Int'l, Inc.*, No. 3:03CV-32-H, 2007 WL 403588, at *1 (W.D. Ky. Jan. 31, 2007). Jurors, for example, might mistakenly believe that the mere presence of fractured coil springs in prior accidents is proof that there was a causal relationship between the coil springs and the accident at issue here. *See id.* at *2-*3. Moreover, evidence of other accidents might confuse the jury into thinking that the relevant issue is whether Ford automobiles have a history of accidents, not whether the Plaintiffs' automobile had a defect that caused their accident. And finally, the presentation of evidence concerning other accidents would "create trials within the trial, as both parties attempt to explore the causes of the prior accidents and waste much time on collateral issues." *Id.* at *2 (citing *De Pue v. Sears, Roebuck & Co.*, 812 F. Supp. 750, 753 (W.D. Mich. 1992)). In light of these considerations, it is clear that evidence of other accidents should be excluded pursuant to Fed. R. Evid. 403.

### III. This Court Must Exclude Other Incident Evidence Proffered by Plaintiffs as it Accounts to Hearsay and Multiple Hearsay Evidence That is Plainly Inadmissible.

Many courts have relied on the evidentiary principles governing the inadmissibility of hearsay and multiple hearsay in excluding evidence of other accidents and/or incidents. *See, e.g.*, *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004). *See also Johnson v. Ford Motor Co.*, 988 F.2d 573 (5th Cir. 1993).

The Texas Supreme Court relied on hearsay evidentiary reasoning in excluding certain evidence of other accidents in *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131 (Tex. 2004). That case arose out of a single vehicle accident in which, allegedly as a result of sudden and unintended acceleration, the plaintiff's 1986 Nissan 300ZX slammed first into a brick building

and then into a telephone pole, injuring the plaintiff.  The plaintiff later filed suit against Nissan and, over its hearsay-based exceptions, introduced evidence of other accidents/incidents in the form of expert testimony from a mechanical engineer, testimony from four other owners who purportedly experienced similar unintended accelerations, 16 written reports of unintended accelerations, and a Nissan database that included 757 consumer complaints relating to sudden acceleration.  *Id.* at 136.  The jury returned a verdict, including an award of punitive damages, in favor of the plaintiff and Nissan appealed.  The intermediate appellate court affirmed the judgment, but the Texas Supreme Court reversed the judgment and ordered a new trial, based, in substantial part, on its holding that the trial court erred in admitting evidence relating to other accidents/incidents that it deemed to be inadmissible hearsay and/or hearsay within hearsay.

The *Armstrong* Court began its analysis by emphasizing plaintiffs' burden to establish the substantial similarity of the prior accidents/incidents it seeks to introduce and the "logical" and evidentiary limitations that apply to the proof that may be proffered in attempting to meet that burden.  Among those limits are the rules governing the admissibility or inadmissibility of hearsay and/or hearsay within hearsay.  Specifically, the Court held that the 757 third party consumer complaints that Nissan had received were inadmissible, in part, because they constituted hearsay or hearsay within hearsay (*i.e.*, they were out-of-court statements proffered for the truth of the matters asserted therein, namely that "the incidents complained of occurred as reported," which presumably were not submitted under oath and not subject to cross-examination) to which no recognized exception applied.  *Id.* at 140-42.

Moreover, the Court rejected, as "circular reasoning," plaintiffs' attempt to circumvent the hearsay rule by suggesting that such complaints were not being offered for the truth of the

matters asserted therein, but rather "to show Nissan's knowledge of the truth of the matters asserted." *Id.* The Court then went on to conclude as follows:

> . . . the erroneously admitted evidence . . . of other incidents was far more than cumulative: it was emphasized [by plaintiff's counsel and her experts] at every opportunity; it was used to prove a defect when the actual evidence [pertaining to an alleged defect in the plaintiff's vehicle had been destroyed; and it was calculated to show Nissan was malicious rather than mistaken in suggesting the accident was [plaintiff's] fault. It also violated the long standing rule in Texas that proof of unintended acceleration is *not* proof of a defect. Under that rule, proof of *many* instances of unintended acceleration cannot prove a defect either; a lot of no evidence is still no evidence.

*Id.* at 148 (emphasis in the original). Accordingly, the Court remanded the case for a new trial without the erroneously admitted other accident evidence. *Id. See also Johnson*, 988 F.2d at 578-79 (where, in wrongful death action arising out of alleged defect in an inboard C.V. joint in a 1983 Ford Escort that purportedly caused the steering mechanism in the decedent's car to freeze up, the Fifth Circuit held that the district court did not abuse its discretion in excluding other accident evidence comprised of, among other things, a summary of five prior lawsuits against Ford and four customer complaints, on the grounds that it constituted inadmissible hearsay (*i.e.*, it was not, for example, a summary of Ford's internal investigations and tests)).

## CONCLUSION

Based on the foregoing arguments and authorities Defendant Ford Motor Company respectfully requests this Court enter an Order precluding the Plaintiffs, their attorneys and/or Plaintiffs' experts, from introducing or attempting to introduce into evidence or making any reference to incidents, lawsuits, claims, and/or accidents other than the November 9, 2008

accident that forms a basis for Plaintiffs' Complaint and that it grant Ford any and all such further relief to which it is entitled should such inappropriate evidence be mentioned.

                FROST BROWN TODD LLC

                By: */s/ Kevin C. Schiferl*
                    Kevin C. Schiferl
                    Attorneys for Defendant FORD MOTOR COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Peter Perlman<br>Peter Perlman Law Offices<br>388 South Broadway<br>Lexington, KY 40508 | F. Thomas Conway<br>Conway & Conway<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202 |
| Mark L. Morgan<br>426 South Fourth Street<br>Danville, KY 40422 | Janet Conigliaro<br>LeClair Ryan<br>Fairlane Plaza North<br>290 Town Center Drive, Fourth Floor<br>Dearborn, MI 48126 |
| Kevin M. Murphy<br>734 W. Main Street, Suite 400<br>Louisville, KY 40202 | |

          */s/ Kevin C. Schiferl*
          Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

LOULibrary LR07400.0572449   972199v1