IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, | ) ) ) ) ) ) Cause No. 6:09-165 |
| Plaintiff, | ) ) |
| v. | ) ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE FINANCIAL INFORMATION**

Defendant Ford Motor Company ("Ford") hereby submits this Memorandum in support of its Motion *in Limine* to exclude financial information.  As grounds for its motion, Ford states as follows:

**I. THE EVIDENCE SOUGHT TO BE EXCLUDED**

Ford anticipates that Plaintiffs will seek to introduce into evidence various and diverse financial information relating to Ford.  For instance, Plaintiffs may offer evidence based on material published in Ford's annual reports and reports to the Securities and Exchange Commission ("SEC") on Forms 10-K and 10-Q, including evidence of Ford's financial condition, revenues, and net worth.  In addition, Plaintiffs may attempt to offer evidence of all projected and actual profits Ford realized on sales of the Taurus.

None of this financial information, however, is relevant to the product liability claims in this action.  The only area of potential relevance would be a punitive damages claim.  Because reference

1

to Ford's financial information may be highly inflammatory and prejudicial, Ford respectfully requests that this Court order Plaintiffs and their counsel to refrain from making references to or introducing evidence concerning Ford's financial information unless and until the necessary foundation for the recovery of punitive damages is laid under Kentucky law. *See Goin v. Goin*, 230 S.W.2d 896 (Ky. 1950) (where evidence was insufficient to submit issue of punitive damages to jury, evidence of defendant's financial worth should have been excluded).

## II. LEGAL ARGUMENT

Evidence of Ford's financial condition, size, or wealth is irrelevant to the product liability claims in this action. Plaintiffs are not entitled to present evidence regarding Ford's size, wealth, or financial condition in an effort to elicit sympathy from the jury. As explained in *Cleveland v. Peter Kiewitz Sons' Co.*, 624 F.2d 749 (6th Cir. 1980), a party's financial status is generally not relevant with respect to claims for compensatory damages:

> [I]n damage actions in which compensatory damages only are recoverable, evidence is not admissible, directly or indirectly, to show the wealth or financial standing of either the Plaintiffs or defendant, except in those exceptional cases, such as actions for defamation or injury to reputation where the position or wealth of the parties is necessarily involved in determining the damages sustained.

*Id.* at 757); *cf. Malone v. Microdyne Corp.*, 26 F.3d 471, 480 (4th Cir. 1994) (finding that prejudice of admitting Form 10-K in securities case significantly outweighed any "dubious" probative value of the financial statement).

Courts have generally recognized that, to avoid unfair passion and prejudice to a defendant and to prevent improper argument regarding the comparative wealth of a defendant, evidence of a defendant's financial condition should be excluded. *See, e.g., Adams Lab., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) (appealing to the sympathy of the jurors through references to

2

the wealth of the defendants in contrast to the relative poverty of the plaintiffs is totally improper and cause for reversal).  A cardinal principle of American jurisprudence is that "the rich and poor stand alike in courts of justice, and that neither the wealth of one nor the poverty of the other shall be permitted to affect the administration of the law."  *Kiewitz*, 624 F.2d at 757.  "As a general rule, it is error to admit evidence of a party's financial condition unless necessary to determine damages sustained."  *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983).  Thus, financial information, if admissible at all, would be relevant only to the issue of punitive damages.  *See, e.g., Robertson Oil Co. v. Phillips Petroleum Co.*, 14 F.3d 373, 380 (8th Cir. 1993), *cert. denied* 511 U.S. 1115 (1994) (finding financial information relevant on the issue of punitive damages). Even if Plaintiffs are able to lay the necessary foundation for punitive damages, evidence of Ford's wealth, size, or financial condition should play no part in the jury's determination of the amount of punitive damages, as the Kentucky Supreme Court asserted in *Sand Hill Energy v. Smith*, 142 S.W.3d 153, 159 (Ky. 2004) (citing *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759, 764 (Ky. 1974)).

Similarly, any statements regarding the alleged creation of reserve funds or estimates of legal claims asserted against Ford should be excluded.  First of all, such information is prejudicial because, in part, it emphasizes the size and wealth of Ford.  Moreover, this type of information, including the alleged existence of a reserve relating to litigation, is not relevant.  Estimating and/or disclosing potential claims or contingent liabilities, no matter how remote, is standard business practice which is sometimes required by law.  Given these circumstances, establishing a reserve or disclosing potential claims or contingent liabilities is not an admission of liability.  *See, e.g., Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 139 F.R.D. 609,  613-15 (E.D. Penn. 1991) (denying discovery of documents relating to insurance company's reserves for contingent claims); *Taxel v. Equity Gen. Ins. Co. (In re Couch)*, 80 B.R. 512, 516-17 (S.D. Calif. 1987) (same); *Independent*

*Petrochemical Corp.*, 117 F.R.D. 283, 288 (D.D.C. 1986) (same).  Such financial practices do not indicate that Ford admits fault or believes that it will eventually pay any or all of those claims.  Vast sums of money may be claimed in frivolous lawsuits.  The information is not probative of any material issue in this litigation, and should be excluded under FRE 401.

The only possible use, therefore, for such evidence would be to inflame the jury, and to attempt to either unfairly expand Plaintiffs' recovery, if any.  Even if somehow relevant to the claims against Ford, which Ford denies, the evidence is inadmissible under Federal Rule of Evidence 403.  Accordingly, this Court should not allow Plaintiffs to refer in any way to the wealth, size, or financial condition of Ford, or to Plaintiffs' own lack of wealth or financial capacity.  *See Thunderbird, Ltd. v. First Fed. Sav. & Loan of Jacksonville*, 908 F.2d 787, 791 n.3, item 4 (11th Cir. 1990) (granting motions in limine to exclude all references to defendants' wealth or financial capacity).  Nor should Plaintiffs be permitted to make any other use of Ford's financial statements during the trial.  Such evidence is irrelevant and, more importantly, inflammatory and prejudicial.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Ford Motor Company respectfully requests that this Court enter an Order *in Limine* excluding all information pertaining to Ford's financial condition and the financial condition of the Plaintiffs.

                      FROST BROWN TODD LLC

                      By: */s/ Kevin C. Schiferl*
                          Kevin C. Schiferl
                          Attorneys for Defendant FORD MOTOR COMPANY

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin M. Murphy
734 W. Main Street, Suite 400
Louisville, KY 40202

                                                */s/ Kevin C. Schiferl*
                                                Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

INDLibrary2 LR07400.0572449   1007259v1