IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Cause No. 6:09-165 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO COMPENSATION OF ITS EXPERT WITNESSES**

Defendant Ford Motor Company ("Ford") hereby submits this Memorandum in support of its Motion *in Limine* to exclude financial information related to expert witness compensation. As grounds for its motion, Ford states as follows:

Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Clearly, the amount of compensation paid to Ford's expert witnesses is irrelevant to any fact that is of consequence in this litigation.

Kentucky courts have long held that an expert may be impeached by inquiring into **whether** he is compensated for his or her services. However, the **amount** of compensation that the expert receives is irrelevant and inadmissible. *Reffett v. Hughes*,

1

396 S.W.2d 786, 791 (Ky. 1965); *Current v. Columbia Gas*, 383 S.W.2d 139, 143-44 (Ky. 1964).

In *Current, supra,* Kentucky's highest court stated:

> Appellants were permitted to prove that Professor Cook was being compensated by appellee incident to his expert testimony. They urge that they should have been permitted to show the precise rate of compensation. We do not agree. It is true, as conceded by the parties, that it is proper to show that the witness is being compensated. However, we feel that in the absence of unusual circumstances, *the better rule is to limit the showing to the fact that payment is being made. To permit details of the compensation injects collateral matters into the trial.* It is generally recognized that inquiries of this type rest largely within the discretion of the trial court, and absent a showing of abuse of discretion, the limitation of such questioning will not constitute reversible error. Here there is no showing that the compensation was <u>in any way conditioned upon the outcome of the litigation.</u> There was no abuse of discretion.

383 S.W.2d at 143-44 (emphasis added). One year later, the court addressed the same issue and reached the same holding:

> Neither was it error for the trial court to deny appellants' effort to have the expert witness, Allen, disclose the amount of compensation to be paid him for his services in this case. <u>The court did permit a showing that the witness was being paid, but denied the effort to show the amount of payment. This was proper.</u> *See Current v. Columbia Gas of Kentucky*, Ky., 383 S.W.2d 139, 143, 144.

*Reffett,* 396 S.W.2d at 791 (emphasis added).

Since it is improper to introduce the amount of compensation paid to Ford's experts in this case, by the same reasoning it is improper to introduce evidence of compensation paid to them by Ford or Ford's counsel in *other* cases. Permitting such evidence would clearly, "inject collateral matters into the trial." *Current, supra.*

2

Accordingly, Ford respectfully requests that the Court exclude any evidence relating to the amount of compensation paid to any of its expert witnesses.

                            FROST BROWN TODD LLC

                            By: */s/ Kevin C. Schiferl*
                                Kevin C. Schiferl, #14138-49
                                Attorneys for Defendant FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Peter Perlman<br>Peter Perlman Law Offices<br>388 South Broadway<br>Lexington, KY 40508 | F. Thomas Conway<br>Conway & Conway<br>1800 Kentucky Home Life Building<br>239 South Fifth Street<br>Louisville, KY 40202 |
| Mark L. Morgan<br>426 South Fourth Street<br>Danville, KY 40422 | Janet Conigliaro<br>LeClair Ryan<br>Fairlane Plaza North<br>290 Town Center Drive, Fourth Floor<br>Dearborn, MI 48126 |
| Kevin M. Murphy<br>734 W. Main Street, Suite 400<br>Louisville, KY 40202 | |

　　　　　　　　　　　　　　　　　　　　*/s/ Kevin C. Schiferl*
　　　　　　　　　　　　　　　　　　　　Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

INDLibrary2 LR07400.0572449   1007250v1