IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON  DIVISION

| | | |
|---|---|---|
| ROBERT MAY, as Administrator for the | ) | Cause No. 6:09-165 |
| Estate of Thomas May, and | ) | |
| CHRISTOPHER HALL, as | ) | |
| Administrator for the Estate of Bradley | ) | |
| Hall and MATTHEW BENJAMIN | ) | |
| COOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FORD'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF
OTHER ACCIDENTS, INCIDENTS, COMPLAINTS AND
VERDICT FORMS FROM OTHER LAWSUITS**

Defendant Ford Motor Company ("Ford") hereby submits its Memorandum of Law in Support of its Motion *in Limine* to Exclude Evidence of Other Accidents, Incidents, Complaints, and Verdict Forms from Other Lawsuits.  As grounds for its Motion, Ford states as follows:

I.       **THE EVIDENCE SOUGHT TO BE EXCLUDED**

Ford anticipates Plaintiffs will designate exhibits and/or proffer testimony and evidence concerning other accidents or incidents, resulting complaints and lawsuits, and specifically the verdict forms from various other lawsuits (collectively, "other accidents and lawsuits") involving the Taurus and perhaps other vehicles.

All evidence concerning other accidents and lawsuits should be excluded, unless Plaintiffs can show that each of these other accidents and lawsuits is "substantially

1

similar" to this accident.  To avoid unfair prejudice to Ford, Plaintiffs should be required to make such a showing outside the jury's presence before making reference to any other accident or lawsuit.

## II.    ARGUMENT

Evidence of other accidents and lawsuits is admissible, *only if* the other accidents and lawsuits involved "substantially similar" circumstances as the subject accident. *Morales v. American Honda Motor Co., Inc*., 151 F.3d 500 (6th Cir. 1998); *Montgomery Elevator Company v. McCullough*, 676 S.W.2d 776 (Ky. 1984).  Therefore, for other accident and lawsuit evidence to be admissible in this case, Plaintiffs have the burden of proving the substantial similarity between prior accidents and lawsuits and their particular accident.  *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102-103 (6th Cir. 1989).  This means that conditions substantially similar to the occurrence in question must have caused the prior accident and the prior accident must not have occurred too remote in time.  *See id.* at 102.

This evidentiary foundation of substantial similarity "is especially important in cases such as this where the evidence is proffered to show the existence of a dangerous condition or causation."  *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1268-69 (7th Cir. 1988).  Indeed, a higher standard is appropriate where the jury is asked to find a logical causal relationship between this accident and other Taurus accidents proffered by Plaintiffs or their experts.  *See, e.g., id.* at 1269.  To this end, other accidents and lawsuits are not "substantially similar" simply because they involve the same make and model of vehicle and the same type of problem.  *Thomas v. Chrysler Corp.*, 717 F.2d 1223, 1224-25 (8th Cir. 1983); *Julander v. Ford Motor Co.*, 488 F.2d 839, 846-47 (10th Cir. 1973).  In

*Julander*, for example, the "other" accidents involved Ford Broncos with alleged steering or braking problems that the Plaintiff claimed to be similar to the "oversteering" problem alleged against the 1968 Bronco in the *Julander* accident.  *Id.* at 843, 845.  Despite these common features, the Court still found the required level of similarity "singularly lacking."  *Id.* at 847.

The following factors are essential to an analysis of substantial similarity:

**A.**     **Vehicle Factors/ Accident Factors**

Other accidents and lawsuits *must* involve the same type of vehicle, which is subjected to the same type of loading and stress factors present in the instant case. Plaintiff and Plaintiffs' decedents were traveling in a 2001 Ford Taurus when the vehicle left the roadway and entered oncoming traffic.  The suspension and steering component conditions, loading, type and size of tires, vehicle maintenance, and a number of other factors all affect a vehicle's performance during an accident.  Without establishing the substantial similarity of all of these factors, at a minimum, Plaintiff cannot correlate this accident involving a Ford Taurus to another.

**B.**     **Driver Factors**

Driver behavior is a critical factor in this, and every, accident.  Factors such as speed, steering input, braking and acceleration action, and ability to control the vehicle must all be considered.  Unless the actions and conditions of drivers involved in other accidents and lawsuits can be shown to be similar to those of the driver in this case, those accidents and lawsuits will not meet the substantial similarity test. Since some of these factors are unknown or disputed here, there is not even an agreed upon "accident" to use in determining the similarity of other accidents and lawsuits.

C.     **Danger of Unfairness, Confusion, and Waste of Time**

"Even if there were 'a showing of substantial similarity,' the trial judge must 'weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility.'" *Rye*, 889 F.2d at 103, *citing McKinnon v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981); *see also* Fed. R. Evid. 403. Indeed, even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the judge.

Here, there will be a great danger of unfairness, confusion, and undue expenditure of time if Plaintiff is allowed to introduce evidence of other accidents, incidents, complaints, and, specifically, verdict forms from prior lawsuits.  Even if Plaintiff demonstrates that some other accident or lawsuit meets the "substantial similarity" standard, there is great potential for confusion of the issues.  For example, the minds of the jurors could be diverted from the injury on trial to injuries received by others at various times.  There is also the danger that a jury may disregard the real differences in the circumstances of the two incidents, finding upon mere superficial similarity that a dangerous condition existed.  For these reasons alone, the evidence should be excluded. Moreover, Ford will be forced to prove causation in each of the other accidents and lawsuits admitted into evidence to prove their dissimilarity and irrelevance to the facts of this case.  Thus, Ford will be compelled to separately defend every other lawsuit or accident mentioned through a series of "mini-trials" unrelated to Plaintiff's claims.

III.     **CONCLUSION**

For the foregoing reasons, Ford respectfully requests that this Court order that evidence concerning other accidents, incidents, complaints, and, specifically, verdict

4

forms from previous Ford lawsuits, involving the Taurus or other vehicles, be excluded at trial.   Alternatively, Ford requests that, before Plaintiff presents evidence of other accidents or lawsuits, they be required to make a showing of "substantial similarity" outside the presence of the jury.

FROST BROWN TODD LLC

By: */s/ Kevin C. Schiferl*
     Kevin C. Schiferl
     Attorneys for Defendant FORD MOTOR
     COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin M. Murphy
734 W. Main Street, Suite 400
Louisville, KY 40202

*/s/ Kevin C. Schiferl*
Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

INDLibrary2 LR07400.0572449  1007260v1

6