IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Cause No. 6:09-165 |

**DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN *LIMINE* TO EXCLUDE REFERENCE TO THE NUMBER, SIZE, LOCATION OR RESIDENCE OF FORD'S COUNSEL OR COST OF DEFENSE**

Defendant Ford Motor Company ("Ford") hereby submits its Memorandum in Support of its Motion *in Limine* to Exclude Reference to the Number, Size, Location, or Residence of Ford's Counsel or Cost of Defense. As grounds for its Motion, Ford states as follows.

**ARGUMENT**

During the course of the trial, counsel for Plaintiffs may attempt to inform the jury about the number, residence, resources, or legal practices of the law firms and lawyers involved in Ford's defense of this action. In addition, opposing counsel may attempt to state, in the jury's presence, that Ford's counsel specializes in defending product liability cases or that Ford's counsel is supervising, coordinating, regional, or national counsel for Ford, or for some other automobile manufacturer. Finally, references to the cost of Ford's defense, or any aspect of it, such as partial daily transcripts or exhibits should be excluded.

1

Such information is irrelevant to any issue in this case. Any mention of these or similar facts by opposing counsel would amount to nothing more than an appeal to passion and prejudice. References to such irrelevant and unfairly prejudicial evidence should, therefore, be excluded.

Facts about the numbers, residences, and legal practices of Ford's counsel cannot tend to prove or disprove any issue in this case. Consequently, such information is irrelevant and inadmissible pursuant to FRE 402. *See Smerke v. Office Equip. Co.,* 138 Tex. 236, 158 S.W.2d 302, 303-04 (1941) ("it may be assumed that the geographical distribution of the lawyers had nothing whatever to do with a just solution of the issues presented"); *Travelers Ins. Co. v. Broadnax,* 365 S.W.2d 683, 685 (Tex. Civ. App. -- Texarkana 1963, no writ) (describing *ad hominem* reference to opposing counsel as "an immaterial fact outside the record"). Moreover, any reference to such information would be solely for the purpose of unfairly prejudicing the jury against Ford and should be prohibited pursuant to FRE 403. *See Twin City Fire Ins. Co. v. King,* 510 S.W.2d 370, 375 (Tex. Civ. App. 1974, writ ref'd n.r.e.) (Frequent references to out-of-town opposing counsel are "unfair efforts to prejudice a jury"); *Travelers Ins. Co.,* 365 S.W.2d at 685 (repeated references to defendant's counsel as a "'lawyer from Dallas'" intended to "conjure up one or all of the genni of prejudice, contempt, hatred and resentment.")

For these reasons, *ad hominem* references to opposing counsel are improper. References to the number and resources of Ford's counsel or Ford's counsel's law firms are also an allusion to Ford's wealth. Attempts to prejudice the jury by contrasting the wealth of the parties are improper. The resources and size of the law firms representing Ford in this case, as well as information about the nature of the legal practices of Ford's attorneys, such as that the attorneys specialize in defending products liability actions or that they serve as Ford's national or regional counsel, are irrelevant to the issues in this case. Any references to these facts, or other similar facts, would be irrelevant and prejudicial, and therefore expressly forbidden by the Federal Rules of Evidence.

## CONCLUSION

For the foregoing reasons, Ford respectfully requests that the Court grant its Motion *in Limine* to exclude reference to the number, size, location or residence of Ford's counsel or the cost of defense.

FROST BROWN TODD LLC

By: */s/ Kevin C. Schiferl*
    Kevin C. Schiferl
    Attorneys for Defendant FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin M. Murphy
734 W. Main Street, Suite 400
Louisville, KY 40202

                                                */s/ Kevin C. Schiferl*
                                                Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN 46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

INDLibrary2 LR07400.0572449 1007251v1