IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, ) ) ) ) ) ) ) ) Plaintiff, ) ) v. ) ) FORD MOTOR COMPANY, ) Defendant. | Cause No. 6:09-165 |

**DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN *LIMINE* TO EXCLUDE EVIDENCE REGARDING DESIGN OF OTHER VEHICLES AND OTHER PURPORTED DEFECTS**

Defendant Ford Motor Company hereby submits its Memorandum of Law in Support of its Motion *in Limine* to exclude evidence regarding the design of other vehicles and other purported defects. As grounds for its motion, Ford states as follows:

**THE EVIDENCE SOUGHT TO BE EXCLUDED**

Ford anticipates that Plaintiff will attempt to introduce or comment upon evidence concerning other vehicles, including but not limited to, the Ford Falcon, the Lincoln LS, Ford Bronco II, 4x2, the "Big Bronco," the Explorer, the Pinto, the M-151 Mutt or any other vehicle which is not at issue in this case. Additionally, Ford anticipates that Plaintiff may attempt to introduce or comment upon evidence concerning alleged defects to the Ford Taurus that have no bearing on the accident at issue in this case. As demonstrated below, evidence concerning these other vehicles and other alleged defects

1

is irrelevant and will unduly prejudice Ford, create confusion in the minds of the jury and cause undue delay.  For these reasons, the evidence should be excluded.

## ARGUMENT

### A. Evidence Regarding Vehicles Other Than The Ford Thunderbird And Evidence Of Other Purported Defects Is Irrelevant.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  Evidence is not relevant if it does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.

In Kentucky, to hold a manufacturer liable on a theory of strict liability, the Plaintiff must establish that the product is in a defective and unreasonably dangerous condition, that Plaintiff's injury resulted from the defect in the product which rendered it unreasonably dangerous, and that the defect existed at the time it left the seller. *Radcliff Homes, Inc. v. Jackson*, 766 S.W. 2d 63, 68 (Ky. App. 1989).  Thus, Plaintiffs must demonstrate that the Ford Taurus at issue here was "unreasonably dangerous."

Under this standard, only evidence related the product at issue, the 2001 Ford Taurus, is relevant.  Among the vehicles Plaintiff may seek to discuss are the Ford Falcon, the Lincoln LS, Ford Bronco II, 4x2, the "Big Bronco," the Explorer, the Pinto, the M-151 Mutt.  These vehicles have different wheelbases, track widths, suspensions, tires, weights, centers of gravity, etc.  These vehicles have no bearing on the handling characteristics of the 2001 Ford Taurus.

Because only the distinct characteristics of the 2001 Taurus are relevant to Plaintiffs' claims, the Court should exclude all evidence regarding the design of other vehicles. *See Lewy v. Remington Arms Co., Inc.*, 836 F.2d 1104, 1109 (8th Cir. 1988)

(holding inadmissible evidence regarding fire control of model M600 rifle which possessed "different component parts of different shape and dimension" than model M700 rifle's fire control which was the subject of the plaintiffs' suit).

Further, Ford anticipates that Plaintiffs will attempt to admit evidence regarding other purported defects, both of the Ford Taurus and of other vehicles. Evidence of other purported defects is inadmissible to prove that the Ford Taurus at issue here was in a defective condition or unreasonably dangerous. Any evidence of defect must involve the *same alleged malfunction or defect. Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) (trial court properly excluded evidence of prior accidents involving the same product where complaints involved injuries caused by defects other than that alleged by plaintiff); *Ponder v. Warren Tool Corp.*, 834 F.2d 1553, 1560 (10th Cir. 1987); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986) ("The 'substantially similar' predicate for the proof of similar accidents is defined . . . by the defect . . . at issue."). Thus, evidence regarding other purported defects of other vehicles is inadmissible because these other defects are not at issue in the current cause of action.

      B.    **Evidence Regarding Other Vehicles And Of Other Purported Defects Lacks Probative Value Sufficient To Outweigh The Prejudice, Confusion And Undue Delay That Admission of Such Evidence Would Create.**

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Admitting evidence regarding the design of other vehicles or of other purported defects would focus the jury's attention on other alleged misconduct or design issues, rather than on the facts of this case. The confusion that this will undoubtedly cause would be highly prejudicial to Ford. The jury could hold Ford liable in this case based upon totally irrelevant defects. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 581, (5th Cir. 1993) (upholding trial court's decision to exclude relevant evidence regarding other lines of defendant's cars, and other mechanical defects because probative value of such evidence was outweighed by danger of prejudice to defendant). The likelihood of both undue prejudice and confusion of the issues is substantial.

In addition, introduction of design evidence regarding other vehicles, and of other purported defects would prolong the trial because Ford would be compelled to refute or explain each piece of evidence relating to other vehicles and other purported defects that Plaintiff is permitted to introduce. For example, although in 1978 a California jury found the fuel system of the 1972 Pinto to be defective, and awarded punitive damages against Ford, in 1980 a jury in San Antonio found the exact same fuel system *not* to be defective. *Compare Grimshaw v. Ford Motor Co.*, 174 Cal. Rptr. 348 (1981) *with Yarborough v. Ford Motor Co.*, No. 80C1409 (Tex. Dist. Ct. Dec. 23, 1980). Courts commonly exclude evidence of alleged defects in other models of the product at issue on precisely this ground. *E.g., Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1198 (D.C. Cir.); *cert. denied,* 479 U.S. 853 (1986) (excluding report on other claims involving similar products, because, if report had been admitted, the defendant would have attempted to rebut each such claim and "jurors' attention would have been diverted from the specific claim of the plaintiffs"); *Uitts v. General Motors Corp.,* 411 F. Supp. 1380, 1383 (E.D. Pa. 1974),

4

(reports of other accidents involving similar products excluded because "[t]he result [of their admission] would have been a mini-trial on each of the thirty-five reports offered by plaintiffs . . . and the minds of the jurors would be diverted from the claim of the plaintiffs to the claims contained in these reports"), *aff'd*, 513 F.2d 626 (3rd Cir. 1975).

Because the admission of design evidence of other Ford vehicles and other purported defects, and Ford's rebuttal evidence, would divert the jury's attention from the facts and issues of this case, thereby misleading and confusing the jury, and because the introduction of such evidence would greatly prolong what already promises to be a lengthy trial, the Court should rule that such evidence is inadmissible under Fed. R. Evid. 403.

### C. Plaintiffs Must Provide Ford With Prior Notification Of Any Reference To Evidence Regarding Other Vehicles And Other Purported Defects.

"In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c). Thus, the Court should require Plaintiffs to provide prior notice outside of the jury's presence as to how the evidence of vehicles other than the Ford Taurus or defects not alleged are relevant to the current cause of action.

## **CONCLUSION**

For the foregoing reasons, Ford respectfully requests that the Court enter an Order forbidding Plaintiffs from making reference to or introducing evidence about the design of other vehicles and/or purported defects other than those alleged to have injured Plaintiff or Plaintiffs' decedents.

                FROST BROWN TODD LLC

                By: */s/ Kevin C. Schiferl*
                     Kevin C. Schiferl
                     Attorneys for Defendant FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman
Peter Perlman Law Offices
388 South Broadway
Lexington, KY 40508

F. Thomas Conway
Conway & Conway
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, KY 40202

Mark L. Morgan
426 South Fourth Street
Danville, KY 40422

Janet Conigliaro
LeClair Ryan
Fairlane Plaza North
290 Town Center Drive, Fourth Floor
Dearborn, MI 48126

Kevin M. Murphy
734 W. Main Street, Suite 400
Louisville, KY 40202

                                                             */s/ Kevin C. Schiferl*
                                                           Kevin C. Schiferl

FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900, P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
kschiferl@fbtlaw.com

INDLibrary2 LR07400.0572449   1007253v1