IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBERT MAY, as Administrator for the Estate of Thomas May, and CHRISTOPHER HALL, as Administrator for the Estate of Bradley Hall and MATTHEW BENJAMIN COOLEY, | ) Cause No. 6:09-165 ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FORD MOTOR COMPANY, | ) ) |
| Defendant. | ) |

**DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**

The Defendant, Ford Motor Company ("Ford") hereby submits its Memorandum in support of its Motion *in Limine* to exclude evidence of, or reference to, subsequent remedial measures or design changes to Ford vehicle lines other than the 2001 Ford Taurus.

**I. THE DISPUTED EVIDENCE**

Ford anticipates that Plaintiffs will seek to offer evidence that Ford's design of other vehicle lines constituted a remedy for alleged defects in the subject 2001 Taurus. Because this proposed evidence relates to subsequent remedial measures, it should be excluded.

**II. LEGAL ARGUMENT**

The Federal Rules of Evidence bar evidence of subsequent remedial measures to prove liability or culpable conduct:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct,

>a defect in a product, a defect in a product's design, or a need for a warning or instruction.

Fed. R. Evid. 407.

In *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560 (11th Cir. 1991), the court found reversible error where the district court had admitted certain testimony giving rise to "the precise inference of negligence that Rule 407 was designed to avoid." *Id.* at 1568-69. Citing to the advisory committee's notes on Rule 407, the Court of Appeals for the Eleventh Circuit stated that the underlying justification for excluding evidence of subsequent remedial measures is "the social policy of encouraging people to take safety precautions." The Court further noted that "'people who take post-accident safety measures are doing exactly what good citizens should do .... [C]ourts do not wish to sanction procedures which appear to punish praiseworthy behavior.' " *Id.* at 1569, n. 19, quoting Lempert & Saltzburg, A Modern Approach to Evidence 187-89 (1977); *see also Andres v. Roswell-Windsor Village Apartments,* 777 F.2d 670, 674 (11th Cir. 1985) (trial court properly refused to allow tenant to introduce evidence of subsequent remedial measures by landlords in personal injury action). Ford should not be penalized for engaging in the "socially desirable, good citizen behavior" of continually upgrading and improving its products. *Wilkinson, supra.*

Kentucky courts have also expressed concern about the effect of admitting evidence of subsequent changes or repairs on a manufacturer's willingness to improve its products. As explained by Kentucky's highest court in *Fourseam Coal Corp. v. Barnett*, 240 S.W.2d 544, 547 (Ky. 1951):

>There are two reasons why evidence of subsequent repairs should not be admitted. One is that, while it may be necessary to subsequently repair the appliance, it does not follow from that that the appliance was defective at the time of the accident. The other reason is that, if such evidence were admitted, it would have a

2

>tendency to cause employers to omit making needed repairs for fear that the precaution thus taken by them could be used as evidence against them.

Rule 407 restates a basic tenet that has long been accepted in the courts. It encourages persons to improve their products, property, services and customs without risk of prejudicing any court proceeding and consequently delaying implementation of improvements. *See, e.g., Voynar v. Butler Mfg. Co.*, 463 So.2d 409 (Fla. 4th DCA 1985), *rev. denied*, 475 So.2d 696 (Fla. 1985) ("the rationale behind rule 407 is that people in general would be less likely to take subsequent remedial measures if their repairs or improvements would be used against them in a lawsuit arising out of a prior accident. By excluding this evidence defendants are encouraged to make such improvements").

Moreover, a majority of federal circuit courts hold that the policies behind Rule 407 apply equally to claims grounded in strict liability as to ones based on negligence principles. *See, e.g. Werner v. Upjohn Co.,* 628 F.2d 848, 857 (4th Cir. 1980) ("it makes no difference to the defendant on what theory the evidence is admitted; his inclination to make subsequent improvements will be similarly repressed"); *Grenada Steel Indus., Inc. v. Alabama Oxygen Co.,* 695 F.2d 883, 887 (5th Cir. 1983) (and cases cited therein).

Evidence regarding design changes made to vehicle lines after the 2001 Taurus is inadmissible to show that the design changes are a remedy for alleged defects in the subject vehicle. The evidence Plaintiffs may seek to admit addresses differences between the subject vehicle and other vehicle lines. Any changes made to other vehicle lines have no relevance to whether the subject 2001 Taurus is defective.

### III. CONCLUSION

For the foregoing reasons, Ford Motor Company respectfully requests that this Court issue an order prohibiting Plaintiffs' counsel and their witnesses from presenting evidence of, or making reference to, subsequent remedial measures or design changes in the Taurus or other vehicle lines for model years other than 2001.

FROST BROWN TODD LLC

By: */s/ Kevin C. Schiferl*
    Kevin C. Schiferl
    Attorneys for Defendant FORD MOTOR COMPANY

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of January, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Peter Perlman  
Peter Perlman Law Offices  
388 South Broadway  
Lexington, KY 40508  

F. Thomas Conway  
Conway & Conway  
1800 Kentucky Home Life Building  
239 South Fifth Street  
Louisville, KY 40202  

Mark L. Morgan  
426 South Fourth Street  
Danville, KY 40422  

Janet Conigliaro  
LeClair Ryan  
Fairlane Plaza North  
290 Town Center Drive, Fourth Floor  
Dearborn, MI 48126  

Kevin M. Murphy  
734 W. Main Street, Suite 400  
Louisville, KY 40202  

                                              */s/ Kevin C. Schiferl*  
                                              Kevin C. Schiferl

FROST BROWN TODD LLC  
201 N. Illinois St., Suite 1900, P.O. Box 44961  
Indianapolis, IN  46244-0961  
317-237-3800  
Fax: 317-237-3900  
kschiferl@fbtlaw.com  

INDLibrary2 LR07400.0572449   1007262v1